UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ofelia Aguilar<br><br>                Plaintiff,<br><br>      v.<br><br><br>Commissioner of Social Security,<br><br>                Defendant. | CASE NO. 1:21-cv-00365-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(Doc. 26) |

Plaintiff's counsel Jonathan O. Peña seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).

**I.    Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of up to 25% of the past due benefits awarded. Doc. 26-2. The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. *Id.*

Plaintiff filed a complaint in this Court on March 9, 2021, appealing the Commissioner's decision denying her application for benefits. Plaintiff filed her motion for summary judgment (Doc. 20), after which the parties stipulated to remand to the agency for further proceedings (Docs. 21–23), and counsel was awarded EAJA fees in an amount of $5,950.47 (Doc. 25).

On remand the agency determined that Plaintiff was disabled and entitled to past due benefits (Doc. 26-1 at 1–2) of which the agency withheld 25% ($31,778) for payment to counsel (*Id.* at 3).

**II.    Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25

1

percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

**III**.   **Analysis**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a stipulation to remand, entry of judgment, and ultimately a substantial award of past due benefits. There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance. Counsel's itemized bill reflects 25.5 hours of time to review the administrative record and draft a detailed motion for summary judgment (the potential merits of which were ostensibly a factor motivating Defendant's decision to stipulate to remand the matter). Doc. 26-3. 25.5 Hours is a reasonable time expenditure for the performance of those tasks.

The effective hourly rate amounts to $1,246.19 per hour, which is significant but is within the upper limit of reasonableness. *See Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (collecting cases and finding that "hourly rate of $1,553.87 is within the upper boundaries of reasonableness."); *Coder v. Comm'r of Soc. Sec.*, No. 1:20-cv-00497-

CDB, 2024 WL 1742026, at *3 (E.D. Cal. Apr. 23, 2024) (reducing de facto hourly rate of $3,532.87 to $1,500.00 per hour); *Reyna v. Comm'r of Soc. Sec.*, No. 1:22-CV-00484-SAB, 2024 WL 4453046, at *2 (E.D. Cal. Oct. 9, 2024) (approving de facto hourly rate of $1,326.57 per hour); *Langston v. Saul*, No. 1:18-CV-00273-SKO, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) ($1,453.42 per hour).

Although this is a substantial hourly rate, the fee award would not amount to a windfall. Unlike fee motions governed entirely by the lodestar method, in contingency fee matters pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

The $31,778 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 26) is granted.
2. The Commissioner shall certify a payment of a gross award in the amount of $31,778 to: Jonathan O. Peña.
3. Upon receipt of this sum, Jonathan O. Peña shall remit directly to Plaintiff Ofelia Aguilar the EAJA fees previously awarded in the amount of $5,950.47.

IT IS SO ORDERED.

Dated:  **October 17, 2024**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE